NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITE THE PARKS; SEQUOIA
FORESTKEEPER; EARTH ISLAND
INSTITUTE,

Plaintiffs-Appellants,

v.

UNITED STATES FOREST SERVICE, an
agency of the U.S. Department of
Agriculture; UNITED STATES FISH AND
WILDLIFE SERVICE, an agency of the U.S.
Department of the Interior,

Defendants-Appellees.

No.   21-16238

D.C. No.
1:21-cv-00518-DAD-HBK

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted January 12, 2022
San Francisco, California

Before:  GOULD, BENNETT, and R. NELSON, Circuit Judges.

Plaintiffs-Appellants Unite the Parks, *et al.*, appeal from the district court's

order denying their motion for a preliminary injunction against thirty-one logging

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

projects proposed by Defendants-Appellees, comprising of the United States Fish and Wildlife Service (FWS) and the United States Forest Service (USFS). We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review the denial of preliminary injunctions for abuse of discretion, *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020), but we review underlying legal rulings *de novo* and findings of fact for clear error, *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017). Applying these standards, we vacate the district court's denial of a preliminary injunction on Unite the Parks' claim that FWS violated the Endangered Species Act (ESA) by not using raw post-2020-wildfire vegetation data to estimate the current Sierra Nevada fisher population before issuing a biological opinion (2021 BiOp). We remand this issue to the district court for further proceedings. Because additional analysis of this ESA issue may affect the propriety of a preliminary injunction under the National Environment Policy Act (NEPA), we also vacate the district court's denial of such a preliminary injunction, and we remand this issue to the district court for further proceedings. We otherwise affirm the district court's decision to deny Unite the Parks' motion for a preliminary injunction with regard to plaintiffs' ESA challenge to the fire science study.

1.     Unite the Parks argues that the district court improperly denied a preliminary injunction on Unite the Parks' claim that FWS violated the ESA by not using certain raw post-2020-wildfire vegetation data to estimate the current Sierra Nevada fisher

population. Although the record is not yet clear and dispositive on this issue, we agree that the denial of injunction was premature as to the fisher population and should not stand at this time. We vacate that denial of injunction with regard to plaintiffs' ESA claim relating to the population of the fisher in its West Coast range.

The district court ruled against Unite the Parks on this claim because Unite the Parks did not identify, describe, or present the better scientific evidence or data accessible to FWS, explain when this information became available, or set out the analysis FWS should have performed using this data before issuing the 2021 BiOp. But the evidence that was before the district court apparently supplies all of this information, though the submissions of the parties do not resolve the significance of the vegetation data. FWS advised the district court that it had raw post-2020-wildfire vegetation data. USFS collected this data and provided it to FWS during the consultation process for the 2021 BiOp. And FWS declared to the district court that this data was being used to generate an updated Sierra Nevada fisher population estimate. Because the district court did not fully explain whether this data could constitute the best available science, the ruling at issue here constitutes an abuse of discretion and we vacate it as erroneous. *See United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

Our caselaw allows us to affirm denial of a preliminary injunction on any basis supported by the record. *See Big Country Foods, Inc. v. Bd. of Educ. of Anchorage*

3

*Sch. Dist.*, 868 F.2d 1085, 1088 (9th Cir. 1989). But the record in this case is undeveloped such that there are no identifiable grounds on which we could uphold the district court's denial of a preliminary injunction on the ESA claim as to the raw post-2020-wildfire vegetation data and the current size of the Sierra Nevada fisher population. *See Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Hum. Servs.*, 946 F.3d 1100, 1110–11 (9th Cir. 2020) (clarifying that the court of appeals will not decide issues that the district court did not decide, particularly when resolution of the relevant issues requires further development of the record). Nor could we at this time conclude that the data requires injunctive relief for plaintiffs on their ESA claim relating to fisher population. We remand this issue to the district court for further proceedings on whether Unite the Parks can satisfy the standard for a preliminary injunction on the merits. *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (holding that an agency acts arbitrarily and capriciously if it "entirely fail[s] to consider an important aspect of the problem"); *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (setting out the legal standard for issuance of a preliminary injunction in ESA contexts).

On remand, the district court should order the USFS and FWS to advise the district court on whether the raw post-2020-wildfire vegetation data cited by Unite the Parks is compatible with existing methods or models for estimating the fisher

population.  *See Nat'l Fam. Farm Coal. v. U.S. Envt'l Prot. Agency*, 966 F.3d 893, 925 (9th Cir. 2020) (explaining that agencies need not adopt new modeling approaches requiring extensive changes to existing models and their inputs).  The district court should also order the USFS and FWS to advise whether it would have taken too long to model a new fisher population estimate from the raw post-2020-wildfire vegetation data at issue here, *see* 16 U.S.C. § 1536(b)(1)(A); 50 C.F.R. § 402.14(e)–(f) (providing that the BiOp consultation process shall conclude within ninety days unless FWS agrees to another timeline), considering any urgent need to complete the thirty-one USFS logging projects challenged by Unite the Parks.  The district court should also inquire into any other questions pertinent to whether the raw post-2020-wildfire vegetation data makes any difference in the ESA analysis of these logging projects, including why FWS did not use this data in formulating the 2021 BiOp, why FWS can or cannot use this data, where FWS is now in its analysis of the fisher population, and what has been done with this data.  The district court should reevaluate Unite the Parks' request for a preliminary injunction on its ESA claim in light of any update to the size of the Sierra Nevada fisher population based on "'the best scientific and commercial data available' when formulating a BiOp." *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 995 (9th Cir. 2014) (quoting 16 U.S.C. § 1536(a)(2)).

2.      Unite the Parks contends that the district court abused its discretion in denying

a preliminary injunction on Unite the Parks' claim that FWS violated the ESA by ignoring a January 2021 study on how wind affects wildfires (the Atchley Study) in formulating the 2021 BiOp. We disagree. The district court validly deduced from the record that FWS adequately considered the Atchley Study before issuing the 2021 BiOp and properly denied Unite the Parks' request for a preliminary injunction on the associated ESA claim relating to wind and wildfires, that is, to the fire science study.

The record contains an internal FWS memorandum stating that the agency paused review of the 2021 BiOp to consider the Atchley Study. This memorandum responded to the assertions Unite the Parks made as to the Atchley Study, and further explained that the Atchley Study is inapposite because it is based on a ponderosa pine forest in Arizona, "which is a very different forest type than the mixed conifer in the Sierra Nevada." FWS instead relied on other science that it deemed a better fit for the thirty-one proposed USFS logging projects in the Sierra Nevada fisher home range. Because we afford substantial deference to scientific determinations by an agency, *Balt. Gas & Elec. Co. v. Nat. Res. Def. Council, Inc.*, 462 U.S. 87, 103 (1983), especially when they require a high level of technical expertise, *Locke*, 776 F.3d at 994, and the record supports the district court's ruling that Unite the Parks' claim as to the Atchley Study is "a mere disagreement regarding the most relevant science," we conclude that the district court properly exercised its discretion in

denying injunctive relief on the ESA claim as to the Atchley Study. *See Hinkson*, 585 F.3d at 1263; *Locke*, 776 F.3d at 995 (holding that "[FWS] complies with the best available science standard so long as it does not ignore available studies, even if it disagrees with or discredits them").

3.      Unite the Parks generally challenges the district court's denial of a preliminary injunction on its NEPA claim. Because it is possible that the new information with regard to the raw post-2020-wildfire vegetation data will affect the district court's views on whether a NEPA-based preliminary injunction is warranted here, we vacate the district court's ruling on this issue, and we remand to allow the district court to reconsider NEPA in light of any new information from the responsible federal agencies. *See League of Wilderness Defs. v. Connaughton*, 752 F.3d 755, 760–61 (9th Cir. 2014) (explaining that an agency must take a "hard look" at the environmental impact of projects when circumstances change or new information materializes).

4.      Unite the Parks urges us to address the preliminary injunction factors beyond those addressed by the district court. We decline to do so because the district court should rule on these issues in the first instance, and it may do so if necessary on remand. *See, e.g., Arc of Cal. v. Douglas*, 757 F.3d 975, 992 (9th Cir. 2014) ("Where the propriety of an injunction raises intensely factual issues, the matter should be decided in the first instance by the district court" (cleaned up)). We also advise the

7

parties that the issues on remand are limited to whether Unite the Parks can secure an ESA-based preliminary injunction based on post-2020-wildfire vegetation data, and whether the answer to this question affects the NEPA analysis.

**VACATED as to denial of a preliminary injunction on Unite the Parks' ESA claim with regard to the current fisher population and NEPA claim, which are REMANDED to the district court for further proceedings. AFFIRMED with regard to all other issues. The parties shall bear their own costs on appeal.**